**BUILDING TRADES UNITED PENSION TRUST FUND**
**and SCOTT J. REDMAN (in his capacity as Trustee),**

        **Plaintiffs,**

  v.                                                           Case No. 19-cv-1054

**THE KUEHNE COMPANY, INC.,**

        **Defendant.**

# COMPLAINT

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendant, allege and show to the court the following:

## Jurisdiction and Venue

1.    Jurisdiction of this Court upon The Kuehne Company, Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2.    Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiffs operate in Waukesha County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Scott J. Redman is a trustee and fiduciary of the Building Trades United Pension Trust Fund and as such has standing to be a plaintiff in this action. Mr. Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. The Kuehne Company, Inc. ("Kuehne Company") is a Wisconsin corporation, engaged in business, with principal offices located at 6830 S. Howell Avenue, Oak Creek, Wisconsin 53154. Its registered agent for service of process is Andrew Nalewajko, 6830 S. Howell Avenue, Oak Creek, Wisconsin 53154.

## Facts

6. Kuehne Company is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, Kuehne Company was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the Wisconsin Laborers Union ("Union").

-2-

8. The Union represents, for purposes of collective bargaining, certain Kuehne Company employees and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby Kuehne Company agreed to make timely payments to the Plaintiffs' benefit fund ("Fund") for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, Kuehne Company adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said Fund, Kuehne Company has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions;

f. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g. to provide access to all books and records necessary to perform regular audits of Kuehne Company contributions to Plaintiff fund.

12. Kuehne Company has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to:

a. making regular and timely payments to the Plaintiff fund; and

13. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

    14. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

    15. Despite demands that Kuehne Company perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make its required payments. After applying payments made by Kuehne Company, the company is now indebted to the Plaintiffs as follows:

**Audited period October 1, 2016 through March 31, 2018:**

Building Trades United Pension Trust Fund      $382.13

**Audited period April 1, 2018 through December 31, 2018:**

Building Trades United Pension Trust Fund      $36,005.31

-5-

Case 2:19-cv-01054-PP    Filed 07/24/19    Page 5 of 7    Document 1

**Unaudited period January 1, 2019 to the present:**

Building Trades United Pension Trust Fund                                                Unknown

### Claim One - Against Defendant The Kuehne Company, Inc. Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

16. As and for a claim for relief against Defendant Kuehne Company, the Plaintiff Fund realleges each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. Due demand has been made by the Fund upon Kuehne Company for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

18. Because, as the Fund is informed and believe, Kuehne Company has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Fund's trust funds is reduced, the Fund's income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Fund's employee benefit plans have been violated, and the Fund is entitled to all the remedies provided by ERISA.

19. Because Kuehne Company has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Fund and against The Kuehne Company, Inc.:

   A. For $382.13 in unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period October 1, 2016 through March 31, 2018;

   B. For $36,005.31 in unpaid contributions, interest, and liquidated damages owed to the Fund for the period of April 1, 2018 through December 31, 2018;

   C. For unpaid contributions, interest, and liquidated damages for the period of January 1, 2019 through the date this action was commenced;

   D. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   E. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 24th day of July, 2019.

s/Philip E. Thompson
Philip E. Thompson (SBN:1099139)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-203-0514 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com
Attorneys for the Plaintiffs