UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BUILDING TRADES UNITED PENSION TRUST FUND,
and SCOTT J. REDMAN,

            Plaintiffs,

   v.

            Case No. 19-cv-1054-pp

THE KUEHNE COMPANY INC.,

            Defendant.

---

**ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RULE 55(B)(2) OF THE FED. R. CIV. P. AS TO DEFENDANT THE KUEHNE COMPANY, INC. (DKT. NO. 6), AWARDING JUDGMENT AND DISMISSING CASE**

---

On July 24, 2019, the plaintiffs filed a complaint against The Kuehne Company, Inc. alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1002. Dkt. No. 1. The plaintiffs requested entry of default on September 12, 2019, dkt. no. 4, and the clerk entered default on September 13, 2019. On September 12, 2019, the plaintiffs filed a motion for default judgment, along with affidavits in support of their request for unpaid contributions, interest, damages, and reasonable attorney fees. Dkt. Nos. 6-8. To date, the defendant has not appeared. The court will grant the motion.

1

**I.     ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed the complaint on July 24, 2019. Dkt. No. 1. On July 31, 2019, the plaintiffs filed an affidavit of service. Dkt. No. 3. The affidavit indicated that Professional Process Servers served Andrew Nalewajko on July 26, 2019. The Wisconsin Department of Financial Institutions' website indicates that Andrew Nalewajko is the registered agent for the defendant. https://www.wdfi.org. The defendant's answer was due within twenty-one days of that date—in this case, by August 16, 2019. Fed. R. Civ. P. 12(a).

**II.    MOTION FOR DEFAULT JUDGMENT**

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)).

2

Case 2:19-cv-01054-PP    Filed 06/01/20    Page 2 of 4    Document 10

A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The complaint states a claim that defendant Kuehne Company, Inc. violated ERISA by failing to make timely and prompt contributions on behalf of employees to the plaintiff fund. Dkt. No. 1 at 6. Those allegations establish liability. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, interest on unpaid contributions, liquidated damages and reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2).

The plaintiffs submitted a proposed order asking the court to assess damages of $37,431.44. Dkt. No. 6-1. Looking at the attachments the plaintiffs provided, however, the court can't figure out where that number comes from. Dkt. No. 7-2 is the statement of attorneys' fees and reflects fees of $378. Dkt. No. 7-3 is the bill of costs and reflects costs of $450. Dkt. No. 8 is the affidavit of the plaintiff's financial manager, who calculates the total of delinquent contributions, damages and interest at $36,387.44. Dkt. No. 8. By the court's

3

Case 2:19-cv-01054-PP Filed 06/01/20 Page 3 of 4 Document 10

calculations, that comes to **$37,215.44**—$216 less than the amount referenced in the plaintiffs' proposed order. The court will award that amount.

### III. CONCLUSION

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 6.

The court **FINDS** that the defendant owes the plaintiffs $27,506.93 for unpaid contributions, $5,784.96 for liquidated damages and $3,095.55 for interest. In addition, the court **APPROVES** an award of $378 for attorney's fees and $450 for costs. The amount of damages, interest, attorney's fees and costs totals $37,215.44.

The court **ORDERS** that default judgment shall enter in favor of the plaintiffs and against the defendant in the amount of $37,215.44.

The court **ORDERS** that this case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 1st day of June, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**